

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-29-2009

# Ronald Isler v. Sch Dist Keystone

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3853

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Ronald Isler v. Sch Dist Keystone" (2009). *2009 Decisions.* Paper 1281.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1281

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3853
_____

RONALD ISLER,

Appellant

v.

KEYSTONE SCHOOL DISTRICT; JEAN A. GOOL, Individually and in her official capacity as Superintendent of the Keystone School District; JOHN R. SLAGLE, Individually and in his capacity as President of the Keystone School District Board of Education; TERRI KAHLE, Individually and in her official capacity as Vice-President of the Keystone School District Board of Education; GREGORY A. BARRETT, Individually and in his official capacity as a member of the Keystone School District Board of Education; JAMES A. BEARY, Individually and in his official capacity as a member of the Keystone School District Board of Education; R. JEFFREY KLINE, Individually and in his official capacity as a member of the Keystone School District Board of Education; THOMAS MCCOY, Individually and in his official capacity as a member of the Keystone School District Board of Education; MARILYN STEMPECK, Individually and in her official capacity as a member of the Keystone School District Board of Education; KENNETH SWARTFAGER, Individually and in his official capacity as a member of the Keystone School District Board of Education; VERNON LAUFFER, Individually and in his official capacity as Business Manager of the Keystone School District

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-cv-01335)
District Judge:  The Honorable Arthur J. Schwab

_____

Before: FUENTES, JORDAN, and NYGAARD, <u>Circuit</u> <u>Judges</u>.

(Filed: May 29, 2009)

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will affirm the order of the District Court.

Ronald Isler appeals the District Court's grant of summary judgment in favor of Keystone School District et al. on his claims that the School District violated the First Amendment, the Americans with Disabilities Act, and the Rehabilitation Act.[1] Isler complained that the School District's refusal to renew his bus driver contract was retaliation for his advocacy on behalf of a student with disabilities. We disagree.

---

[1.] The District Court also dismissed without prejudice the remaining claim brought under the Pennsylvania Whistle-Blower Act. Isler did not appeal that claim.

2

I.

Isler's First Amendment, ADA and Rehabilitation Act retaliation claims rest solely on his assertion that the School District did not renew his contract because he approached the School District to "advocate" for a student with special needs who rode on his bus. There is agreement that Isler contacted some School District officials late in February 2007 about the student's conduct on the bus. Isler attempts to characterize these communications as "advocacy." Yet, we agree with the District Court that, whatever label Isler ascribes to his words, objectively, he did not engage in protected speech.

Isler had an affirmative, contractual duty to report to the School District any student incidents that occurred on his bus. Where, as here, an employee speaks in a way that is wholly within the scope of his employment and responsibilities, such speech is not protected from disciplinary actions under the First Amendment. Therefore, we will affirm summary judgment in favor of the School District et al. on Isler's First Amendment claim.

II.

With regard to Isler's ADA and Rehabilitation Act retaliation claims, we do not find any evidence of protected activity by Isler. As stated above, Isler was acting within the scope of his employment responsibilities as a bus driver to discuss the situation arising from the student's conduct on the bus. Moreover, an ADA or Rehabilitation Act

3

retaliation claim is premised upon an underlying violation of a disabled individual's rights. 42 U.S.C. §12203(a).

Isler attempts to create a dust-up with allegations of the School District's failure to provide the student with adequate and safe transportation. Yet, at summary judgment a non-moving party may not rest on mere allegations. *Trap Rock Industries, Inc. v. Local 825, Intern. Union of Operating Engineers, AFL-CIO,* 982 F.2d 884, 890 (3d Cir. 1992), quoting *Quiroga v. Hasbro, Inc.,* 934 F.2d 497, 500 (3rd Cir.), *cert. denied,* 112 S.Ct. 376 (1991). He has completely failed to produce any evidence, beyond his vague unsupported testimony, that would raise even a reasonable inference about the existence of discriminatory behavior by the School District toward the student.

Finally, Isler did not demonstrate any causal connection between his alleged "advocacy" and the School District's decision, five months later, to not renew his contract. The amount of time between the incident and the employment action, a complete absence of any evidence of animus toward Isler, and the uncontested legitimacy of a non-discriminatory reason for the employment action lead us to conclude that Isler did not raise any reasonable inference that the School District retaliated against him.

Due to Isler's utter lack of supporting evidence to create any question about the credibility of the School District's evidence, we will affirm the District Court's decision to grant summary judgment in favor of the School District, dismissing the ADA and Rehabilitation Act retaliation claims.

## III.

For the above stated reasons, we will affirm the decision of the District Court.